

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES SZCZESNY, ET AL. | CIVIL ACTION NO. 05-1777 |
| versus | JUDGE HICKS |
| ROY A. MAXWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Plaintiffs, citizens of New York, filed this civil action in a Louisiana state court against several defendants. Three of the defendants filed a notice of removal to federal court based on an assertion of diversity jurisdiction. Plaintiffs filed a **Motion to Remand (Doc. 10)** on the grounds that the removal violates the rule in 28 U.S.C. § 1441(b) that a diversity case is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Two of the removing parties, Catherine and Jonathan Emmons, admit in the notice of removal that they are citizens of Louisiana.

The Motion to Remand was filed within 30 days after the filing of the notice of removal, thus preserving the procedural defect raised in the motion. 28 U.S.C. § 1447(c). Counsel for the removing parties wrote a letter dated the day after the motion to remand was filed to "advise the court that I have no opposition to the motion to remand." Considering the facts and law discussed above, together with the lack of opposition, the motion to remand will be granted.

Plaintiffs conclude their motion with an invocation of the provision in Section 1447(c) that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has discretion to award fees under the statute if it finds that the decision to remove was legally improper. <u>Miranti v. Lee</u>, 3 F.3d 925, 929 (5th Cir. 1993).

The court is not aware that any of the removing parties or their attorney have, in other cases, run afoul of the bar against removal by in-state defendants or otherwise engaged in improper removals. And counsel for the removing parties mitigated Plaintiffs' expenses associated with the removal by immediately advising the court of her lack of opposition to the motion to remand. Plaintiffs' preparation of that motion is the only apparent source of expenses or fees incurred by them as a result of the removal. The motion and four-page supporting memorandum are well written, but they did not require an extraordinary amount of research to address the single issue presented. After consideration of all of these facts, the court finds that the best exercise of its discretion under these circumstances is to not impose a fee award in this case. The Motion to Remand (Doc. 10) will be granted by separate order, subject to a stay to permit time for any appeal to the district judge.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

Page 2 of 2